## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

| | |
|---|---|
| CASEY WEATHERS, DARAN PENNEY, JACOB VONBUSKIRK, JEFF KOPULOS, and ROBERT A. YOUNG, individually on behalf of themselves and all others similarly situated, | CASE NO. 18-cv-_____ <br><br> HON. |
|      Plaintiffs, | |
| v | |
| NATIONAL COATINGS II INC. d/b/a NATIONAL COATINGS, INC., a Michigan corporation, ROBERT FORSMAN an individual, and ZEBULON HADLEY, an individual. | **FLSA COLLECTIVE ACTION AND CLASS ACTION AND DEMAND FOR JURY TRIAL** |
|      Defendants. | |

Anders J. Gillis (P77818)
PARKER HARVEY PLC
Attorneys for Plaintiffs
901 S. Garfield Avenue, Suite 200
Traverse City, MI  49686
231-929-4878
agillis@parkerharvey.com

---

## COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

There is no other pending or resolved civil action
arising out of the transactions alleged in this
Complaint.

NOW COME Plaintiffs, Casey Weathers, Daran Penney, Jacob VonBuskirk, Jeff Kopulos and Robert Young, on behalf of themselves and others similarly situated (collectively referred to as the "Plaintiffs" or the "Employees"), by and through their attorneys, Parker Harvey PLC, and for their Complaint against the Defendants, National Coatings II, Inc. d/b/a National Coatings, Inc.

("National" or the "Company"), Robert Forsman, an individual, and Zebulon Hadley, an individual (collectively the "Defendants" or the "Employers"), allege as follows:

## SUMMARY OF CLAIMS

1.    Plaintiffs bring this action against Defendants for:

    a.    Unpaid overtime pursuant to the Fair Labor Standards Act (hereinafter "FLSA");

    b.    Unlawful retaliation under the FLSA;

    c.    Conversion under MCL 600.2919a;

    d.    Breach of contract under Michigan common law;

    e.    Breach of implied contract under Michigan common law; and

    f.    Unjust enrichment under Michigan common law for unpaid wages.

2.    As detailed infra, Defendants required Plaintiffs, and similarly situated employees, to not record all their hours worked within the continuous workday, altered time records without employee permission to avoid paying regular compensation and overtime, and intentionally failed to maintain adequate and accurate records for the hours worked by Plaintiffs in order to facilitate the exploitation of the Plaintiffs' labor. 29 U.S.C. § 211(c), 29 U.S.C. § 215(a)(5), and 29 CFR § 516.2. **See Exhibit A, B, C, and D**.

## JURISDICTION

3.    This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C § 1367.

4.    Venue is proper in this judicial district because 1) facts and events giving rise to Plaintiffs' claims occurred in this judicial district,  2) the named Plaintiffs live and were employed by the Defendants out of the Company's Grand Traverse County office, 3) the Defendant Company

is a Michigan corporation, 4) the Defendant Robert Forsman is an individual who resides and conducts business in Grand Traverse County, Michigan and 5) the Defendant Zebulon Hadley is an individual who conducts business in Grand Traverse County, Michigan.

## PARTIES

5.      Plaintiff Casey Weathers was employed by the Defendants as a non-exempt, hourly employee, primarily performing labor, periodically, from 2005 to on or about January 2018.

6.      During his employment with the Defendants, Plaintiff Casey Weathers:

     a.      Resided in the State of Michigan and within Grand Traverse County;

     b.      Handled goods that moved in interstate commerce; and

     c.      Was an "employee" of Defendants as defined by the FLSA.  29 U.S.C. § 203(e).

7.      Plaintiff Daran Penney was employed by the Defendants as a non-exempt, hourly employee, primarily performing labor, periodically from about 2001 to December 2017.

8.      During his employment with the Defendants, Plaintiff Daran Penney:

     a.      Resided in the State of Michigan and within Grand Traverse County;

     b.      Handled goods that moved in interstate commerce; and

     c.      Was an "employee" of Defendants as defined by the FLSA.  *Id*.

9.      Plaintiff Jacob VonBuskirk was employed by the Defendants as a non-exempt, hourly employee, primarily performing labor, periodically from about May of 2015 and he continues to periodically work with the Company, though he is currently laid off.

10.     During his employment with the Defendants, Plaintiff Jacob VonBuskirk:

     a.      Resided in the State of Michigan and within Grand Traverse County;

     b.      Handled goods that moved in interstate commerce; and

     c.      Was an "employee" of Defendants as defined by the FLSA.  *Id*.

11.     Plaintiff Jeff Kopulos was employed by the Defendants as a non-exempt, hourly employee, primarily performing labor, periodically from about May of 2013 to January 22, 2018.

12.     During his employment with the Defendants, Plaintiff Jeff Kopulos:

      a.     Resided in the State of Michigan and within Grand Traverse County;

      b.     Handled goods that moved in interstate commerce; and

      c.     Was an "employee" of Defendants as defined by the FLSA.  *Id.*

13.     Plaintiff Robert Young was employed by the Defendants as a non-exempt, hourly employee, primarily performing labor, periodically from on or about 2014 to on or about October 2017.

14.     During his employment with the Defendants, Plaintiff Robert Young:

      a.     Resided in the State of Michigan and within Grand Traverse County;

      b.     Handled goods that moved in interstate commerce; and

      c.     Was an "employee" of Defendants as defined by the FLSA.  *Id.*

15.     During the Plaintiffs employment, Defendant Company:

      a.     Has been a corporation organized under the laws of the State of Michigan with its principal place of business in Traverse City, Michigan;

      b.     Has conducted business within Grand Traverse County;

      c.     Has been an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an "enterprise" engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sale or business done exceeds $500,000.00, exclusive of excise taxes; and

      d.     Has been Plaintiffs' "employer," as that term is defined by the FLSA, 29 U.S.C. § 203(d).

16.     During times relevant to this Complaint, Defendant Robert Forsman:

      a.     Has worked and lived in Michigan and Grand Traverse County;

      b.     Has served as President for Company;

     c.     Has served in a supervisory capacity for the Company and exercised control over the Company; and

     d.     Has jointly, and individually, been Plaintiffs' "employer," as that term is defined by the FLSA under 29 U.S.C. § 203(d). See, e.g., *U.S. Dep't of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 777 (6th Cir. 1995) and *Catsimatidis v. Irizarry*, 134 S. Ct. 1516, 188 L. Ed. 2d 450 (2014) (denying a petition for a writ of certiorari on a Second Circuit case upholding individual liability).

17.     During times relevant to this Complaint, Defendant Zebulon Hadley:

     a.     Has conducted business in Michigan and Grand Traverse County;

     b.     Has served as a Secretary, Treasurer, and a Director for the Company;

     c.     Has served in a supervisory capacity and exercised control over the Company; and

     d.     Has jointly, and individually, been Plaintiffs' "employer," as that term is defined by the FLSA. *Id*.

## GENERAL ALLEGATIONS

18.     Defendant Company is a commercial painting and wall coverings corporation with over one-hundred (100) current employees, and regional offices in: Boise, Idaho; Casper, Wyoming; Denver, Colorado; Marquette, Michigan; Traverse City, Michigan; and Willston, North Dakota.

19.     Defendants employed the Plaintiffs, as defined by the FLSA, as hourly, non-exempt employees. 29 U.S.C. § 203. **See Exhibit A, B, and C**.

20.     At times relevant to this Complaint, Defendants have willfully failed and refused to pay regular and overtime compensation due and owing to Plaintiffs for work done in Michigan and across the United States.

21.     Defendants required employees to not record all their hours worked within the continuous workday, altered time records without employee permission to avoid paying regular compensation and overtime, and intentionally failed to maintain adequate and accurate records for

the hours and wages earned by Plaintiffs.  29 U.S.C. § 211(c), 29 U.S.C. § 215(a)(5), and 29 CFR § 516.2.

22.    Defendants frequently required Plaintiffs to report to the Company's Traverse City office in the morning so they could receive instructions on assignments, the types of paint, colors, tools, techniques, and blueprints for projects to use for each day's job and/or to pick up, carry, and/or load essential tools and supplies, such as paint, brushes, ladders, roller poles, roller frames, tapes, and scaffolding (collectively referred to as the "morning shop time" or "shop time").

23.    At times, when Plaintiffs were required to arrive at the Traverse City office to receive instructions and/or perform shop activities at designated times, upon arriving at the designated time Plaintiffs would have to wait for the arrival of the Company's management personnel, who were running late, in order to perform those shop activities (the "wait time").

24.    After receiving their instructions and/or picking up, carrying and loading essential tools and supplies, frequently into a Company truck, Plaintiffs would travel to job sites where Plaintiffs would use those essential tools and supplies to perform work at Company job sites (the "travel time").

25.    Plaintiffs were frequently required to return to the Traverse City office at the end of their work at the job site to return the Company vehicle, receive instructions, and/or carry, load, and unload essential tools and supplies (referred to hereinafter as the "evening shop time" or "shop time").

26.    The Plaintiffs' shop time was integral and indispensable to Plaintiffs' employment because the Defendant Company is a commercial painting business that requires proper instructions to its employees and essential tools and supplies for those employees to use in order for the Company to function.

6

27.    The Plaintiffs' morning shop time, travel time to job sites from the Company's Traverse City office, travel time between various job sites during the workday, travel time back to the Company's Traverse City office from job sites at the end of the day, and evening shop time generally occurred within the Plaintiffs' continuous workday.

28.    During shop and travel time in Company vehicles, Plaintiffs were subject to Company rules and covered as employees by Company insurance.

29.    The wait time was at the Employer's place of business was for the Employer's benefit and at its behest.

30.    The Plaintiffs would also sometimes have additional time where they were engaged to wait for Company projects to be ready to work on but were not compensated for that time (additional "waiting time").

31.    Nevertheless, and contrary to law, the Defendants instructed the Plaintiffs that the shop, waiting, and travel time were not compensable and, through written and verbal policies, mandated that the Plaintiffs not record time until they arrived at the job sites and to stop recording time when they left those job sites.  **See Exhibits A and D**.

32.    Moreover, Defendants implemented a per diem travel policy that only paid an additional two-dollars per hour, based on the time at the remote work site, for certain projects that were a significant distance from the relevant regional offices.  **See Exhibit E**.

33.    This per diem policy failed to reasonably approximate the employees work-related expenses, especially when the employees were required to drive their own vehicles, with Company tools and supplies, to remote work sites.  29 C.F.R. 778.216(a), (b), (c).  *Id.*

34.     Plaintiffs estimate that, during work days, when combined, the average shop, waiting, and travel time that Defendants instructed them not to record ranged between one (1) to four (4) hours, per person, per workday.

35.     Further, if Plaintiffs tried to claim shop, wait, or travel time, and even when Plaintiffs did not, the Company would routinely erase, cross out, or deduct time from the employee time sheets.  **See, e.g., Exhibit B**.

36.     These reductions of employee time, from employee timecards, were done without employee authorization.  **See Exhibit A**.

37.     This practice of reducing employee time was deliberately done to avoid paying regular wages and overtime compensation.  **See Exhibit A**.

38.     Shop time is compensable when it is integral and indispensable to the employees' principal activities. *Hodgson v Am. Concrete Constr. Co.*, 471 F.2d 1183, 1185-86 (6th Cir. 1973) (employer must pay for time worked before official 8 a.m. start time where employees required to show up at 7 a.m. to load trucks and travel to job site).

39.     Wait time is compensable for employees when it is at an employer's place of business if it is "for the employer's benefit and at its behest." *Chao v. Akron Insulation and Supply, Inc.*, 184 Fed. App's 508, 511 (6th Cir. 2006).

40.     "Time spent by an employee in travel as a part of their principal activity, such as travel from job site to job during the workday, is work time and must be counted as hours worked." U.S. Department of Labor, Wage and Hour Division, Fact Sheet #22.

41.     "Travel away from home is clearly work time when it cuts across the employee's workday." *Id*.

42.    Under the continuous workday doctrine, "[w]here an employee is required to report at a meeting place to receive instruction or to perform work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work and must be counted as hours worked regardless of contract, custom, or practice."  29 CFR § 785.38.

43.    Plaintiffs estimate, based on job site locations and the Defendants' timekeeping practices and policies, that the Defendants annually failed to pay tens of thousands of hours of compensable shop, wait, and travel time due and owing to the Company's hourly paid, non-exempt employees.

44.    Further, under the per diem policy, Defendants failed to provide Plaintiffs with reasonable reimbursements for expenses incurred on the Defendants' behalf.

45.    Some of this non-compensated time for hourly, non-exempt employees was for regular time worked, which would have been under forty-hour weeks and not subject to overtime compensation requirements under the FLSA and only subject to compensation as straight time.

46.    Some of this non-compensated time was for hours worked that would have been in excess of forty (40) hours, and therefore, subject to FLSA overtime requirements to be paid at one and a half times.

47.    The above described time keeping and payroll practices were known, or should have been known, by the Defendants.  **See Exhibit A, B, C, D, and E**.

48.    The FLSA, 29 U.S.C. § 207, requires Defendants compensate non-exempt employees who work in excess of forty (40) hours in a workweek at a rate of one and one-half times their regular rate of pay.

49.    Contrary to the above statutory enactment, Defendants adopted a policies and practices of failing to pay Plaintiffs, and similarly situated individuals, an overtime wage at a rate

of one and one-half times their regular rate for all hours worked in excess of forty (40) hours during a workweek.

50.    Defendants willfully violated the FLSA and Michigan common law by instructing employees to not record all time worked on behalf of the Defendants and/or requiring employees to sign incorrect timecards when Defendants knew, or should have known, that those time cards did not include all compensable time.  **See Exhibit A, B, C, and D**.

51.    Defendants willfully violated the FLSA by knowingly failing to compensate Plaintiffs for overtime wages.

52.    Defendants willfully violated the MCL 600.2919a and Michigan common law by knowingly failing to compensate employees for all time worked on behalf of the Defendants.

53.    Defendants willfully violated the FLSA by altering Plaintiffs' time sheets without written consent.  29 U.S.C. § 215(a)(5).

54.    Defendants willfully violated the FLSA by failing to keep accurate records.  29 U.S.C. § 211(c) and 29 U.S.C. § 215(a)(5).

55.    Further, after Plaintiff Jeff Kopulos filed oral complaints regarding the Company's pay practices, he was terminated in retaliation.

56.    Thereafter, Defendant Forsman claimed that he terminated Plaintiff Kopulos because he stole hours, his attitude was poor, and his work quality had diminished.

57.    However, only weeks prior, Plaintiff Kopulos received a positive employment review and was even honored and awarded with the Company's "Journeyman of the Year" Award.

58.    Plaintiffs have been damaged by the Defendants' actions and are entitled to compensation for all hours worked within the continuous workday, including overtime compensation when applicable.

59.    Plaintiffs allege that Defendants' practices and policies, including the retaliation against Plaintiff Kopulos for filing oral complaints regarding the Defendants' wage practices, violated, and continue to violate, the FLSA, MCL 600.2919a, and Michigan common law.

60.    Plaintiffs seek injunctive and declaratory relief, compensation and credit for all uncompensated expenses required, compensation and credit for all work suffered or permitted by the Defendants, liquidated damages, penalties and interest as permitted by the applicable law, as well as attorneys' fees and costs.

## FLSA COLLECTIVE AND CLASS ACTION ALLEGATIONS

61.    The named Plaintiffs further seek to have similarly situated employees (current and former hourly paid, non-exempt employees of the Company) joined for purposes of Count I, under 29 U.S.C. § 216(b), which provides that this action is maintainable as an "opt-in" collective action, where the parties, once identified, and contacted, will be able to opt into this action for purposes of the FLSA claims.

62.    Counts III through VI are brought under Fed R. Civ. P. Rule 23(a) and (b) because:

    a.    The class is so numerous that joinder of all members is impracticable. While the precise number of the Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants currently employ at least one hundred employees and have employed hundreds of other individuals, due to employee turnover, during the respective Class Periods;

    b.    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

        i.    Whether Plaintiffs and the Class are Defendants employees;

        ii.   Whether Defendants failed to pay Plaintiffs overtime wages for all hours worked over forty (40) in individual work weeks;

        iii.  Whether the Defendants failed to keep accurate time records;

iv.    Whether the Defendants' failed to pay Plaintiffs for all time work during the applicable Class Period; and

v.    Whether the Defendants' policies and practices regarding shop, wait, and travel time were contrary to MCL 600.2919a or Michigan common law.

c.    The class representatives and members have all been affected by Defendants' failure to pay overtime wages and other wages earned.

d.    Members of the class, especially those employees currently employed by the Company, will be reluctant to bring forth claims for unpaid wages for fear of retaliation; and

e.    The class representatives, class members, and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interests of the classes; if individual representative actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

63.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### VIOLATION OF FLSA – UNPAID OVERTIME WAGES
**Plaintiffs on behalf of themselves and similarly situated employees**
**29 U.S.C. § 216(b) Collective Action**

64.    Plaintiffs incorporate and reallege the preceding paragraphs as though fully set forth herein.

65.    This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiffs, and other similarly situated employees, one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

66.    Defendants had a practice of not paying Plaintiffs for all compensable time, including shop, wait, and travel time.

67.    Defendants had a practice of not compensating Plaintiffs for compensable shop, wait and travel time within the continuous workday.

68.    Defendants had the practice of instructing and requiring employees not to record time until they arrived at remote work sites, and even if employees did record that time, Defendants had the practice of altering time sheets, and deducting legitimately claimed time from Plaintiffs' timecards.

69.    Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

70.    Plaintiffs were not exempt from overtime provisions of the FLSA.

71.    Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

72.    Defendants did not pay Plaintiffs, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

73.    Defendants willfully violated the FLSA by failing to keep accurate records in order to avoid paying regular compensation and overtime, contrary to 29 U.S.C. § 211(c) and 29 U.S.C. § 215(a)(5).  **See Exhibit A and B**.

74.    Defendants failure to pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA.

75.    The Defendants' FLSA violations damaged the Plaintiffs.

76.    Plaintiffs, and other similarly situated employees, are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants'

violation of the FLSA was willful, plus liquidated damages in an equal amount. 29 U.S.C. § 216(b).

**See Exhibit A**.

WHEREFORE, Plaintiffs and similarly situated employees they seek to represent pray for a judgment against Defendants as follows:

A.    The Court determines this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.    A judgment in the amount of unpaid overtime wages for all time Plaintiff and similarly situated employees of Defendants worked in excess of forty (40) hours in individual work weeks;

C.    The Court equitably toll the statute of limitations for the similarly situated employees who choose to opt in;

D.    Liquidated damages in the amount equal to unpaid wages, per 29 U.S.C. § 216(b);

E.    That the Court declare the Defendants violated the FLSA;

F.    That the Court enjoin Defendants from continuing to violate the FLSA;

G.    Reasonable attorneys' fees and costs of this action as provided, per 29 U.S.C. § 216(b); and

H.    Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**VIOLATION OF FLSA – UNLAWFUL RETALIATION**
**Plaintiff Kopulos on behalf of himself**
**29 U.S.C. § 215(a)(3)**

77.    Plaintiffs incorporate and reallege the preceding paragraphs as though fully set forth herein.

78.    Plaintiff Jeff Kopulos incorporates the allegations set forth above in the preceding paragraphs.

79.    This count sets forth a claim for declaratory relief, injunctive relief, and damages for Defendants' violation of the FLSA's anti-retaliation provisions.

80.    Plaintiff Jeff Kopulos filed oral complaints with the Defendants on or about January 22, 2018, and in preceding months, about the Defendants' failure to pay wages for all compensable travel time.

81.    These complaints constituted protected activity under the FLSA. *Kasten v. Saint-Gobain Performance Plastics Corp.,* 563 U.S. 1, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011) (holding that anti-retaliation provision of FLSA protects oral as well as written complaints of violation of the Act).

82.    In response to these complaints, Defendants unlawfully retaliated against Plaintiff Jeff Kopulos by terminating him.

83.    As a result of Defendants' retaliatory conduct, as described above, Plaintiff Kopulos has suffered damages.

84.    Because of the Defendants' violations of the FLSA, Plaintiff Kopulos is entitled to recover damages that arose as a result of Defendants' actions, and any other legal or equitable relief as may be appropriate to effectuate the purpose of section 215(a)(3), pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff Jeff Kopulos respectfully requests a judgment against Defendants as follows:

A.    An order enjoining the Defendants from retaliating against other similarly situated parties;

B.    Damages and such injunctive relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3), pursuant to 29 U.S.C. § 216(b).

C.    A judgment for unpaid regular wages, plus liquidated damages in an equal amount, as allowed by the FLSA;

D.    That the Court declare the Defendants violated the FLSA; and

E.    Any other relief that this Court deems just and reasonable.

**COUNT III**
**BREACH OF CONTRACT**
**Plaintiffs on behalf of themselves and similarly situated employees**
**Class Action**

85.    Plaintiffs incorporate and reallege the preceding paragraphs as though fully set forth herein.

86.    This Count arises from breach of contract for the Company's failure to pay Plaintiffs for all time worked.  **See Exhibit A**.

87.    During employment with the Defendant, Plaintiffs worked compensable time.

88.    Defendants had a practice of not paying Plaintiffs for all compensable time, including shop, wait, and travel time.

89.    Defendants had a practice of not compensating Plaintiffs for compensable shop, wait and travel time within the continuous workday.

90.    Defendants had the practice of instructing and requiring employees not to record time until they arrived at remote work sites, and even if employees did record that time, Defendants had the practice of altering time sheets, and deducting legitimately claimed time from Plaintiffs' timecards.

91.    Plaintiffs are entitled to be paid their wages earned for all time worked.

92.    Plaintiffs were damaged by these policies and conduct because they were not paid for their entire wages earned.

93.    Plaintiffs timecards were deliberately changed by Company without written permission from the Plaintiffs.  **See Exhibit B**.

94.    The Defendants failure to pay Plaintiffs for all hours worked was willful.  **See Exhibit A**.

95.    The Defendants failure to pay Plaintiffs for all time worked at the rate agreed to by the parties violated Michigan common law and damaged the Plaintiffs.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    A judgment for wages lost and reasonable interest;

B.    That the Court order the Defendants to pay the Plaintiffs reasonable costs and attorneys' fees;

C.    Any other relief that this Court deems just and reasonable.

**COUNT IV**
**CONVERSION**
**Plaintiffs on behalf of themselves and similarly situated employees**
**Class Action**

96.    Plaintiffs incorporate and reallege the preceding paragraphs as though fully set forth herein.

97.    Pursuant to MCL 600.2919a, Michigan's civil conversion statute, the amounts owed Plaintiffs by the Defendants are not just a simple debt, but constitute a specific money, determined by the precise amounts owed to Plaintiffs by the Defendants for wages.  See, e.g., *In re Hamama*, 182 B.R. 757, 759 (Bankr. E.D. Mich. 1995) (holding that a judgment against a defendant for treble damages for unpaid wages was nondischargeable in bankruptcy).

98.    As such, the deliberate and intentional non-payment of wages (i.e. wage theft) by Defendants constitutes a wrongful taking of money.

99.    Defendants were obligated to pay Plaintiffs' wages for work performed and Plaintiffs were damaged by the Defendants failure to pay compensable shop, wait, travel time and expenses incurred on the Defendants' behalf.

100.    By their course of dealing, Defendants knew that Plaintiffs continued to work in exchange for payment of agreed upon wages and reasonable reimbursement as to expenses.

WHEREFORE, Plaintiffs pray for a judgment against Defendants for:

A.    Three times the actual damages sustained, as allowed by MCL 600.2919a(1)

B.    Costs and reasonable attorney fees;

C.    Any other relief this court deems just and reasonable.

## COUNT V
## BREACH OF IMPLIED CONTRACT
**Plaintiffs on behalf of themselves and similarly situated employees**
**Class Action**

101.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as though fully set forth herein.

102.    Defendants entered into an implied contract with Plaintiffs to pay them wages for all work done and time spent for the Defendants' benefit.

103.    Defendants breached this implied contract by failing to pay Plaintiffs, and all similarly situated employees, for all the wages due for the all the work done for the Defendants' benefit.

104.    Plaintiffs were at will employees.

105.    The law implies a that a contract of wages existed by the nature of the employer/employee relationship.

106.    Plaintiffs were damaged by Defendants' breach of implied contract to pay wages.

107.    Defendants' actions were intentional, willful, malicious, and in reckless disregard for the rights of the Plaintiffs.

WHEREFORE, Plaintiffs pray for a judgment against Defendants for:

A.    All wages and expenses wrongfully withheld, plus interest;

B.    All reasonable costs and attorney fees; and

C.    Any other relief this Court deems just and reasonable.

**COUNT VI**
**EQUITY/UNJUST ENRICHMENT**
**Plaintiffs on behalf of themselves and similarly situated employees**
**Class Action**

108.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as though fully set forth herein.

109.    Defendants received the benefit of Plaintiffs' work without compensating the Plaintiffs for all hours worked while also receiving the benefit of expenses incurred by the Plaintiffs on the Defendants' behalf without reasonable reimbursement.

110.    As a matter of equity, Defendants should not be allowed to prosper at the Plaintiffs' expense.

111.    The money owed Plaintiffs as wages, and unreimbursed expenses (e.g. fuel), all inured directly to Defendants benefit by its nonpayment to Plaintiffs for work done.

112.    Plaintiffs should receive compensation to which Plaintiffs are entitled in equity and Defendants should not be unjustly enriched by its nonpayment of expenses or of wages to Plaintiffs for work they did.

WHEREFORE, Plaintiffs pray for a judgment against Defendants for:

A.    All wages and expenses wrongfully withheld, plus interest;

B.    All reasonable costs and attorneys' fees; and

C.      Any other relief this Court deems just and reasonable.

Dated:  February 12, 2018                    /s/ *Anders J. Gillis*
                                             Anders J. Gillis (P77818)
                                             PARKER HARVEY PLC
                                             Attorneys for Plaintiff
                                             901 S. Garfield Avenue, Suite 200
                                             Traverse City, MI  49686
                                             231-929-4878
                                             agillis@parkerharvey.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

CASEY WEATHERS, DARAN PENNEY,
JACOB VONBUSKIRK, JEFF KOPULOS,        CASE NO. 18-cv-_____
and ROBERT A. YOUNG, individually on
behalf of themselves and all others similarly    HON.
situated,

      Plaintiffs,

v

NATIONAL COATINGS II INC. d/b/a        **FLSA COLLECTIVE ACTION AND**
NATIONAL COATINGS, INC., a Michigan    **CLASS ACTION AND DEMAND FOR**
corporation, ROBERT FORSMAN an         **JURY TRIAL**
individual, and ZEBULON HADLEY, an
individual.

      Defendants.

_____

Anders J. Gillis (P77818)
PARKER HARVEY PLC
Attorneys for Plaintiffs
901 S. Garfield Avenue, Suite 200
Traverse City, MI  49686
231-929-4878
agillis@parkerharvey.com

_____

## PLAINTIFFS' DEMAND FOR JURY TRIAL

      NOW COME the above-named Plaintiffs, by and through their attorneys, Parker Harvey

PLC, and hereby demand trial by jury on the above matter.

Dated:  February 12, 2018            /s/ *Anders J. Gillis*_____
                                     Anders J. Gillis (P77818)
                                     PARKER HARVEY PLC
                                     Attorneys for Plaintiff
                                     901 S. Garfield Avenue, Suite 200
                                     Traverse City, MI  49686
                                     231-929-4878
                                     agillis@parkerharvey.com